UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TERRY STRYKER, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CIV-17-695-W |
| WARDEN BEAR, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner Terry Stryker, a state prisoner appearing pro se, has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1). United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. For the reasons outlined herein, the undersigned recommends dismissal of this action.

BACKGROUND

In 1975, Petitioner was tried by a jury and convicted in the District Court of Pottawatomie County, Oklahoma, of robbery with a firearm. He was sentenced to life imprisonment. Pet. at 2;[1] *Stryker v. State*, 559 P.2d 1253, 1253-54 (Okla. Crim. App. 1977); *Stryker v. Cody*, No. 93-6132, 1993 WL 499827, at *1 (10th Cir. Dec. 6, 1993). The public online database maintained by the Oklahoma Department of Corrections ("ODOC") indicates that Petitioner was granted parole in 2004, such parole was revoked in 2008, and Petitioner is now confined at Joseph Harp Correctional Center in Lexington,

---

[1] References to Petitioner's filings use the CM/ECF pagination.

Oklahoma.  *See* ODOC Offender Lookup, http://okoffender.doc.ok.gov (last visited Aug. 14, 2017); *State v. Stryker*, No. CF-2008-74 (Tulsa Cty. Dist. Ct.) (docket entries for Feb. 21, 2008).[2]

Petitioner's conviction and sentence were affirmed on direct appeal, and two attempts at postconviction relief (in 1983 and 1986) were unsuccessful.  Pet. at 2-3; Pet. Ex. 1 (Doc. No. 1-1) at 10.  Following the trial court's denial of relief on his third postconviction application, on March 15, 2017, and affirmance of that denial by the Oklahoma Court of Criminal Appeals ("OCCA") on June 9, 2017, Petitioner filed this federal habeas action on June 23, 2017.  Pet. at 2; Pet. Ex. 1, at 10-12, 13.

## THE COURT'S SCREENING OBLIGATION

Pursuant to the applicable Rules, the Court "must dismiss" a habeas corpus petition if it "plainly appears from the petition and any attached exhibits" that "the petitioner is not entitled to relief."  R. 1(b), 4, R. Governing § 2254 Cases in U.S. Dist. Cts.; *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

## ANALYSIS

The Petition "contains so many unintelligible and conclusory allegations and statements" that it is "impossible to ascertain the exact errors of fact or law raised for the court's disposition."  *Bakalov v. Utah*, 4 F. App'x 654, 657 (10th Cir. 2001).  The undersigned nevertheless has examined the filing, which liberally construed raises three claims for relief,

---

[2] The undersigned takes judicial notice of the dockets for Petitioner's state-court criminal proceedings, which are publicly available through http://www.oscn.net.

and finds that the Petition on its face shows that Petitioner is not entitled to federal habeas relief.

   A. *Claim One*

Petitioner first argues that although the Oklahoma Legislature has defined a life sentence to be 45 years in length, and thus has determined that his life sentence has been "discharged," ODOC "refuses to release" Petitioner from custody. Pet. at 1, 2, 4, 7; *see also* Pet. Ex. 1, at 1-2, 8-9. This claim thus purports to challenge the execution of Petitioner's sentence and is cognizable under 28 U.S.C. § 2241. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section . . . 2241 is a vehicle for . . . attacking the execution of a sentence." (citation omitted)). Petitioner's relevant factual allegations, however, fail to demonstrate that he is being held in violation of the Constitution or of federal law, as required for habeas relief to issue. *See* 28 U.S.C. § 2241(c)(3).

Petitioner's theory of "discharge" is meritless. In Oklahoma, a life sentence is a life sentence—i.e., Petitioner was sentenced to being detained for the remainder of his natural life (unless granted parole). *See Jackson v. McCollum*, No. CIV-17-183-C, 2017 WL 1957296, at *1 (W.D. Okla. Apr. 4, 2017) (R. & R.), *adopted*, 2017 WL 1957056 (W.D. Okla. May 10, 2017), *and appeal docketed*, No. 17-6137 (10th Cir. June 9, 2017); *Taylor v. State*, 248 P.3d 362, 378 (Okla. Crim. App. 2011); *Stryker*, 559 P.2d at 1253-54 (noting that Petitioner was "sentenced to Life imprisonment in the State penitentiary); *see also* Okla. Stat. tit. 21, § 801 (prescribing the maximum punishment for robbery with a dangerous weapon to be "imprisonment for life in the State Penitentiary").

To support his claim, Petitioner cites both *Anderson v. State*, 130 P.3d 273 (Okla. Crim. App. 2006), and Oklahoma's Uniform Criminal Jury Instruction Number 10-13B (2d ed. 1996 & Supps.). Both of these sources reflect that in Oklahoma, eligibility for parole on a life sentence for a crime subject to the "85% Rule" is calculated based upon a benchmark of 45 years—not that the term of a life sentence under Oklahoma law is itself 45 years. *See Anderson*, 130 P.3d at 282-83; Okla. Unif. Crim. Jury Instruction No. 10-13B; *Landes v. McCollum*, No. CIV-14-190-R, 2014 WL 6455483, at *3 (W.D. Okla. Nov. 13, 2014).[3] Thus, Petitioner's factual allegations and legal citations do not reflect that the legislature has declared his sentence to be "discharged" and "do not alter the facts that parole is discretionary under Oklahoma law and that the term of a sentence of life imprisonment in that State is, as outlined above, the duration of the prisoner's natural life." *Landes*, 2014 WL 6455483, at *3.

Petitioner's related contention, that his 1975 conviction is rendered void because the jury was not informed about the 45-year benchmark policy, is likewise meritless, because Petitioner was convicted prior to March 1, 2000, when Oklahoma's 85% Rule took effect. *See id.* at *3 n.6 (citing Okla. Stat. tit. 21, § 13.1); *Anderson*, 130 P.3d at 278, 283.

---

[3] Petitioner also refers to an Oklahoma statute as prescribing that a life sentence must be discharged between 18 and 60 years in all cases. Pet. Ex. 1, at 1, 7, 9. In 1997, the Oklahoma Legislature did pass legislation "defining 'life imprisonment' as a period of not less than eighteen (18) years nor more than sixty (60) years." *Landes*, 2014 WL 6455483, at *2 (internal quotation marks omitted). But "this provision was repealed in 1999 before taking effect." *Id.* (citing Oklahoma Truth in Sentencing Act, ch. 133, § 4(6), 1997 Okla. Sess. Laws 501, 512 (to be codified at Okla. Stat. tit. 21, § 14(6)), *amended by* Truth in Sentencing—Amendments—Change of Effective Dates, ch. 2, § 23, 1998 Okla. Sess. Laws 2538, 2564, *repealed by* Truth in Sentencing—Repealer, ch. 5, § 452, 1999 Okla. Sess. Laws 2328, 2535; *Easterwood v. Beck*, 247 F. App'x 145, 147 (10th Cir. 2007)).

Further, Petitioner has not shown that, by virtue of his life sentence, he is being held in state custody in violation of federal law, as required for a writ of habeas corpus to issue under 28 U.S.C. § 2241(c)(3). "The United States Supreme Court has upheld the constitutionality of sentences for the duration of an offender's natural life when such sentences were not grossly disproportionate to the crime committed." *Landes*, 2014 WL 6455483, at *3 (citing *Ewing v. California*, 538 U.S. 11, 20-24, 28-31 (2003); *Harmelin v. Michigan*, 501 U.S. 957, 966-85 (1991)).

### B. Claim Two

Next, Petitioner asserts that the U.S. Supreme Court has determined that his conviction is "void," but ODOC refuses to release him from prison. Pet. at 1, 2, 4. While arguably cognizable as a § 2241 claim, the Petition does not cite the "opinions" that allegedly void his state-court conviction or, more significantly, explain how they render him eligible for release from prison. Nor has the undersigned found any such opinion, either directly associated with Petitioner's criminal case or otherwise.

This claim therefore "fails to allege facts" reflecting that Petitioner's confinement violates federal law and should be dismissed. *Boutwell*, 399 F.3d at 1211; *see also Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (explaining that summary dismissal of habeas petitions is warranted when the allegations are sufficiently "vague," "conclusory," "palpably incredible," or "patently frivolous or false" (internal quotation marks omitted).

### C. Claim Three

Petitioner alleges that the State has denied him access to court, suspended habeas corpus, violated the Americans with Disabilities Act, and denied him equal protection and

due process by way of postconviction proceedings that offered a fact-finding process that is inadequate to protect his rights. Pet. at 1, 2, 7-8. The only facts alleged to support these broad assertions, however, are that the State failed to timely respond to Petitioner's third trial-court request for postconviction relief and that the state trial court failed to conduct a hearing before denying this third request. *See id.* at 1-2, 7-8; Pet. Ex. 1, at 2-4, 5, 8 (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803); OCCA R. 5.4; Okla. Dist. Ct. R. 4(e)).[4]

Even if these allegations could reasonably be construed as a challenge to the execution of Petitioner's sentence, they do not demonstrate any violation of federal law. In the state courts, Petitioner filed his third postconviction application in the trial court in October 2016 and, when the State failed to respond, Petitioner sought mandamus relief from the OCCA in February 2017. The OCCA directed the trial court to act upon the application within 30 days, and the trial court did so, by first directing a response from the State and then denying the application on March 15, 2017. *See* Pet. Ex. 1, at 13, 16; *State v. Stryker*, No. CF-1975-111 (Pottawatomie Cty. Dist. Ct.); *Stryker v. State*, No. MA-2017-145 (Okla. Crim. App.). In other words, Petitioner—a convicted prisoner—had to wait about six months for disposition of his postconviction application. Petitioner cannot show any federal-law violation based upon either the State's allegedly late response or the trial

---

[4] Petitioner's purported quotation from *Marbury* is inapposite, as the quotation he presents actually comes from a now-repudiated Ninth Circuit decision addressing a California state parole board's determination made by reference to "California statutes." *See* Pet. Ex. 1, at 8; *Irons v. Carey*, 505 F.3d 846, 854 (9th Cir. 2007), *overruled by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence . . . .").

6

court's failure to hold a hearing in such a proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (noting that states have no obligation to provide this avenue of relief and that postconviction procedures are constitutional if they "comport[] with fundamental fairness"); *Fuller v. Pacheco*, 531 F. App'x 864, 868 (10th Cir. 2013) ("[A] federal habeas court does not have license . . . to question whether the state court properly applied its own law."); *cf. Dist. Atty's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009) ("A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man."). Nothing about this minor delay or the trial court's ruling on the papers "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" or "transgresses any recognized principle of fundamental fairness in operation." *Osborne*, 557 U.S. at 69 (internal quotation marks omitted).

Nor do any of Petitioner's factual allegations plausibly reflect that any defect in the state's postconviction proceedings resulted in a denial of "the equal protection guarantee of 'meaningful access'" or of any benefit on the basis of disability. *Finley*, 481 U.S. at 557; *see* 42 U.S.C. § 12132. And to the extent Petitioner seeks to "challeng[e] the Oklahoma post-conviction procedures on their face and as applied to him," he "fail[s] to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993).

## RECOMMENDATION

For the reasons outlined above, the undersigned recommends that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court no later than September 26, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 5th day of September, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE