IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY J. STRYKER, | ) |
| Petitioner, | ) |
| vs. | ) No. CIV-17-695-W |
| WARDEN BEAR, | ) |
| Respondent. | ) |

## ORDER

On September 5, 2017, United States Magistrate Judge Charles B. Goodwin issued a Report and Recommendation in this matter and recommended that the Court dismiss without prejudice the Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2241 of the United States Code by petitioner Terry J. Stryker, a state prisoner proceeding pro se. Stryker was advised of his right to object, see Doc. 9 at 8, and the matter now comes before the Court on Stryker's Objection to Magistrate's Report and Recommendation. See Doc. 10.

Upon de novo review of the record, the Court concurs with Magistrate Judge Goodwin's findings and recommendations with regard to Stryker's arguments that his conviction is void, that the respondent "refuses[s] to comply with legislative and appeals court instructions to discharge [him] . . . [,]" Doc. 1 at 7, and that he has been denied due process and equal protection as guaranteed by the fourteenth amendment to the United States Constitution. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, requires the Court to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" See

Boutwell v. Keating, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005)(although prisoner seeks relief under 28 U.S.C. § 2241, court may in its discretion apply Section 2254 Rules). Because Grounds One, Two and Three in Stryker's Petition fail to state cognizable claims for relief under section 2241, the Court finds dismissal is warranted in this instance.

The Court has also considered Stryker's claim as set forth in Ground Four of his Petition that the respondent violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Case law and the Federal Rules of Civil Procedure "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted). Indeed, Stryker "should have at least some relevant information to make th[is] claim[ ] plausible on [its] . . . face." Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012). Because his pleading is devoid of any well-pleaded facts, Stryker "has not 'show[n]' . . . 'that [he] . . . is entitled to relief.'" Id. at 679 (quoting Rule 8(a)(2), F.R.Civ.P.).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 9] issued on September 5, 2017; and

(2) DISMISSES Stryker's Petition [Doc. 1] without prejudice.

ENTERED this __10th__ day of October, 2017.

LEE R. WEST
UNITED STATES DISTRICT JUDGE